IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TINA BOWMAN,

    Plaintiff,

v.                                                                             Civil Action No. 3:12-CV-31

GREEN TREE SERVICING, INC,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's *Motion to Compel Discovery Responses* (Doc. 24), filed on September 13, 2012. Defendant filed a response on September 26, 2012. This Court held an evidentiary hearing and argument on Plaintiff's Motion on October 1, 2012. Plaintiff appeared by Aaron C. Amore, Esq, by telephone. Defendant appeared by Debra Lee Hovatter, Esq. and Brienne Taylor Marco, Esq. No testimony or other evidence was presented.

### I. BACKGROUND

Plaintiff filed a complaint in this Court in April 2012, alleging that Defendant violated the West Virginia Consumer Credit and Protection Act (WVCCPA) by placing telephone calls in an attempt to collect debts after Plaintiff announced to Defendant that she was being represented by counsel. Plaintiff further alleges that Defendant violated her right of privacy under the common law of West Virginia based upon those same telephone calls. Plaintiff has sued multiple other creditors

1

on these same grounds.

In her motion, Plaintiff seeks to compel Defendant to supplement or amend its responses to Interrogatories 1, 2, 3, 4, 9, 11, 12, 13, and 20. Further, Plaintiff seeks to compel the production of documents 1, 2, 6, and 8 from her first set of requests for production. After the motion was filed, but prior to the October 1, 2012 hearing, Defendant supplemented its responses to the extent that Plaintiff withdrew her motion with regard to Interrogatories 3, 4, 9, and 12, and all requests for production with the exception that Plaintiff wants certification that nothing was redacted from request 6. Defendant has submitted an affidavit with its response to this motion (Doc. 30, Ex. 1), which states that there was no information redacted from the documents produced in response to request 6. Further, Defendant averred at the October 1, 2012 hearing that it has responded as fully as possible to Interrogatories 11 and 13, regarding the training and training materials given to its agents. Thus, the only remaining dispute is the subject of Interrogatories 1, 2, and 20, which request home addresses of witnesses and the preparer of the interrogatory answers.

## II. DISCUSSION

The interrogatories at issue are as follow:

> Plaintiff's Interrogatory No. 1: Please state the names, addresses, job titles of all employees, past and present, supervisory and non-supervisory, who communicated with the Plaintiff, either directly or indirectly, from July 1, 2011 to present date.
>
> Plaintiff's Interrogatory No. 2: State the names and addresses of all supervisory personnel who controlled the employees who communicated with the Plaintiff, either directly or indirectly, from July 1, 2011 to present date.
>
> Plaintiff's Interrogatory No. 20: State in what capacity you (see instructions/definitions to define "you"/representative for Green Tree) are authorized to respond to these Interrogatories on behalf of Green Tree. Provide the following (if more than one person, provide

2

> names and information for all persons that answered these Interrogatories):
> a) Your full name;
> b) Current home address;
> c) Your affiliation with Defendant Green Tree;
> d) Current title and position;
> e) Length of time you have been employed by Defendant Green Tree;
> f) Provide any trade name by which Defendant is identified or under with [sic] Defendant conducts business; and
> g) Name and address

Defendant responded with all of the information requested in Interrogatories 1 and 2 except for the addresses of the people identified. Instead, Defendant asserted that the people identified "may be contacted through counsel for Green Tree." With regards to Interrogatory 20, Defendant again did not provide an address for the person answering the interrogatory, nor did it provide the trade name or addresses sought by subpart (f) and (g). Defendant, in its response to the motion, has not provided any reason as to why the information is irrelevant or privileged.

Federal Rule of Civil Procedure 26(b) sets forth the scope and limits of discovery in civil cases. It reads in pertinent part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense–including . . . the identity *and location* of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (emphasis added). Further, Rule 26(a)(1) *requires* the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information." So, not only do the Rules allow a party to request this information it requires a party to provide it, and federal courts have recognized it to that effect. *See e.g. Hartman v. American Red Cross*, 2010 U.S. Dist. LEXIS 46126, 2010 WL 1882002, *1 (C.D. Ill. May 11, 2010) (finding that the hypothetical concern that opposing counsel will contact employees directly without going through counsel "does not justify unilateral disregard for the

disclosures mandated by Rule 26(a)" and requiring disclosure of the home addresses and personal telephone numbers for the witnesses); *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, (D. Colo. 2008) (finding that Rule 26(a)(1) required employer to disclose the personal home address, telephone number, and cellular telephone number of the employees so that plaintiff could contact them to conduct background investigations). Accordingly, the Court finds that Defendant must disclose the information sought, and **GRANTS** Plaintiff's motions. Defendant is **ORDERED** to supplement its responses with the information requested within ten [10] days of the filing of this Order.

### III. DECISION

Because the disclosure of the information sought by Plaintiff in Interrogatories 1, 2, and 10 is required by the Federal Rules of Civil Procedure, Plaintiff's Motion to Compel is **GRANTED IN PART** inasmuch as it seeks to compel answers to those interrogatories. Defendant is **ORDERED** to supplement its responses within ten [10] days of the filing of this Order. The motion with regard to the other interrogatories and requests for production is **DENIED** as moot because Defendant has either supplemented to its fullest extent or Plaintiff has withdrawn its motion to those items.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro*

*se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: October 9, 2012                    /s/ *James E. Seibert*
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE