IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TINA BOWMAN,

       Plaintiff,

v.                                               Civil Action No. 3:12-CV-31

GREEN TREE SERVICING, INC,

       Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

This matter comes before the Court on Defendant's *Motion to Compel Discovery Responses* (Doc. 21), filed on September 12, 2012.  Plaintiff filed a response on September 24, 2012. This Court held an evidentiary hearing and argument on Plaintiffs' Motion on October 1, 2012. Plaintiff appeared by Aaron C. Amore, Esq, by telephone. Defendant appeared by Debra Lee Hovatter, Esq and Brienne Taylor Marco, Esq. in person. No testimony or other evidence was presented.

### I. BACKGROUND

Plaintiff filed a complaint in this Court in April 2012, alleging that Defendant violated the West Virginia Consumer Credit and Protection Act (WVCCPA) by placing telephone calls in an attempt to collect debts owed by Plaintiff to Defendant after she announced to Defendant that she was being represented by counsel. Plaintiff further alleges that Defendant violated her right of privacy under the common law of West Virginia based upon those same telephone calls. Plaintiff has sued multiple other creditors on these same grounds.

On July 25, 2012, Defendant served its first set of discovery on Plaintiff. After responses, objections, and amendments to this first set of discovery requests, Defendant seeks to compel the production of two documents. First, request for production 4 asks Plaintiff to produce the call logs she made that show the date, time, caller, and substance of each collection call she claims to have received. Second, request for production 12 asks Plaintiff to produce the retention agreement she made with counsel regarding this matter. Plaintiff contends that she has provided all of the information requested through her answers to Defendant's interrogatories. Further, Plaintiff claims that the documents requested are protected under the attorney client privilege or work product doctrine.

## II. DISCUSSION

The requests for production, and Plaintiff's responses, are as follows:

> REQUEST NO. 4: Produce copies of all records or notes that reflect any communication you or anyone on your behalf had with Green Tree or that was made by Green Tree or anyone purporting to act on its behalf, including in your response notes relating to any unanswered telephone calls you contend were made by Green Tree or anyone purporting to act on its behalf.

> RESPONSE: Objection. This request violates the attorney-client privilege and/or work-product doctrine, which are prepared by attorney in preparation of the case [sic]. Additionally, this request seeks the production of documents protected by discovery by Rule 26(b)(3) of the West Virginia Rules of Civil Procedure and Green Tree has failed to demonstrate that it is entitled to the production of any documents responsive to this Request. However, notwithstanding said objection, Plaintiff refers you to her Answer to Interrogatory No. 1 and the privilege log attached and Plaintiff's Answer to Interrogatory No. 14, 15 and 18.

> REQUEST NO. 12: Produce the retention letter relating to your representation in this litigation or any other document evidencing or demonstrating the date counsel was retained.

> RESPONSE: Objection. This request violates the attorney-client privilege and/or work product doctrine, which are prepared by attorney in preparation of the case [sic]. Additionally, this request seeks the production of documents protected from discovery by Rule 26(b)(3) of the West Virginia Rules of Civil Procedure and Green Tree has failed to demonstrate that it is entitled to the production of any documents responsive to this Request.

When the Court's jurisdiction is based upon diversity of the parties it applies state law regarding the attorney client privilege. *See* Fed. R. Evid.. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *see also Martin v. State Farm Mut. Auto Ins. Co.*, 3:10-cv-0144, 2011 U.S. Dist. LEXIS 36058 (S.D.W.V. Apr. 1, 2011); *Seyler v. T-Systems N. Amer., Inc.*, 771 F. Supp. 2d. 284 (S.D.N.Y. 2011). However, the work product doctrine is a governed by the application of federal common law. *See Nicholas v. Bituminous Cas. Corp.*, 235 F.R.D. 325, 329 n.2 (N.D.W.V. 2006) ("In a diversity case, federal courts apply federal law to resolve work-product privilege claims and state law to resolve attorney-client privilege claims.").

In order to assert attorney-client privilege in West Virginia, three elements must be present: (1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal advisor; and (3) the communication between the attorney and client must be identified to be confidential. *State v. Rodoussakis*, 511 S.E.2d 469, 480 (W. Va. 1998). The Supreme Court of Appeals of West Virginia further elaborated on the privilege:

> Communications between an attorney and his client are privileged, and hence the contents of a letter written by an attorney to his client is privileged. However, neither the fact that the attorney communicated with his client, nor that subsequently the client acted under advice of counsel, nor the date that the attorney communicated with such client, is excluded by reason of privilege.

*Id.* (citation omitted). Thus, under West Virginia law, "some protected communications between an attorney and client will necessarily involve the routine exchange of information in the absence of legal advice." *Martin v. State Farm Mut. Auto Ins. Co.*, 3:10-cv-0144, 2011 U.S. Dist. LEXIS 36058, *11 (S.D.W.V. Apr. 1, 2011).

Plaintiff has submitted the call logs and retention letter for *in camera* review to determine whether those items are subject to either privilege asserted, and, after review, the Court finds that the materials are not protected by the attorney client privilege. The call logs at issue are hand written notes outlining either discussions Plaintiff had with Defendant's collection agents, or a script of what Plaintiff wanted to say to those agents. Nothing in any of the notes pertains to any legal advice given by counsel or sought by Plaintiff.

Moreover, the conversations were not between a lawyer and her client, but rather to a third party. In *State v. Burton*, 254 S.E.2d 129 (W. Va. 1979), the West Virginia Supreme Court found that the attorney client privilege did not apply to statements made by a defendant to a lawyer in the presence of other inmates. Here, the privilege is even further removed because Plaintiff was not speaking to her attorney in the presence of a third party, but to a third party in the absence of her attorney. Thus, even if the Court accepts Plaintiff's contention that the substance of some of the information on the call log is privileged, which it is not, the attorney client privilege evaporated the minute Plaintiff spoke the substance of that conversation to a third party.

Likewise, the retention agreement between Plaintiff and her counsel is not privileged. The authority is unanimous for the proposition that "in the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship." *In re Semel*, 411 F.2d 195, 197

(3d. Cir. 1969); *see also NLRB v. Harvey*, 349 F.2d 900, 904-05 (4th Cir.1965); *United States v. Pape*, 144 F.2d 778, 782-783 (2 Cir. 1944); *Wirtz v. Fowler*, 372 F.2d 315, 332-333 (5th Cir. 1966); *In re Wasserman*, 198 F. Supp. 564 (D.C. Cir.1961). The Court can find no unusual circumstances in this case to depart from this well established rule.

The work product doctrine protects documents or tangible things produced by or for a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3)(A). The work product doctrine is not absolute, however, if the materials are otherwise discoverable–relevant and reasonably calculated to lead to admissible evidence–and the party requesting the materials "shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* A non-exhaustive list of factors to be assessed in determining substantial need includes:1) the importance of the materials to the party seeking them for case preparation; 2) the difficulty the party will have obtaining them by other means; and 3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks. Fed. R. Civ. P. 26(b)(3), Advisory Committee Notes, 1970 Amendments.

Even accepting Plaintiff's argument that the work product doctrine applies to the call logs, the Court finds that Defendant has a substantial need for the materials, and that it cannot, without undue hardship, obtain an equivalent by other means. In looking at the factors enumerated by the Advisory Committee Notes, the Court first notes that the entire case revolves around the calls placed by Defendant. Second, Defendant cannot obtain the call logs by any other means as Plaintiff's logs are the only copy in existence. Finally, even if Plaintiff provides the information through interrogatories and her upcoming deposition, those responses might differ from what Plaintiff wrote

simultaneously as she took the calls from her creditors.

With respect to the retainer agreement, courts have repeatedly held that attorney retainer agreements, just as with the attorney client privilege, are not protected by the work product doctrine. *See e.g.*, *Mordesovitch v. Westfield Ins. Co.*, 244 F. Supp. 2d 636 (S.D.W.V. 2003); *Stanley v. Bayer Healthcare LLC*, 11cv862, 2011 U.S. Dist. LEXIS 132363 (S.D. Ca. Nov. 16, 2011); *Fransen v. One World Tech. Co.*, Civ. No. 08-5101, 2010 U.S. Dist. LEXIS 129239 (D.N.J. Dec. 6, 2010); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 U.S. Dist. LEXIS 5737 (E.D. La. Apr. 2, 2004); *Thompson v. Cincinnati Ins. Co.*, 310cv318, 2010 U.S. Dist. LEXIS 123948 (N.D. Fl. Nov. 9, 2010). The Court sees no reason to depart from the overwhelming authority on this subject.

### III. DECISION

In sum, the Court finds that the materials at issue are either not protected by the attorney client privilege or work product doctrine, or a substantial need exists to overcome those protections. Accordingly, the Court **GRANTS** Defendant's motion to compel. Plaintiff is hereby **ORDERED** to produce within ten [10] days the documents requested by Defendant in its requests for production 4 and 12 without redaction.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: October 11, 2012 

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE